IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**CHRISTOPHER H. MARTIN v. MIKE PARRIS, WARDEN, AND STATE OF TENNESSEE**

**Appeal from the Criminal Court for Morgan County**
**No. 2019-CR-52     Jeffery H. Wicks, Judge**

————————————————

**No. E2019-01500-CCA-R3-HC**

————————————————

The pro se Petitioner, Christopher H. Martin, appeals from the Morgan County Criminal Court's order summarily denying his petition for a writ of habeas corpus. The State has filed a motion to affirm the habeas corpus court's judgment pursuant to Rule 20 of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20 of the Court of Criminal Appeals.**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Christopher H. Martin, Pro Se, Wartburg, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Jeffrey D. Zentner, Assistant Attorney General; and Russell Johnson, District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

**Factual Background**

This court's recitation of facts stated in the Petitioner's appeal from the denial of post-conviction relief sets forth the procedural history of this case.

> On August 22, 1996, petitioner pleaded guilty to one count of child molestation and one count of statutory rape in Chattooga County, Georgia. The Georgia court sentenced him to two consecutive terms of twenty years, of which the first would be served in confinement and the second

suspended to probation. On May 21, 1997, petitioner pleaded guilty in Hamilton County, Tennessee, to two counts of rape of a child. According to the plea agreement, appended as an exhibit to petitioner's post-conviction petition, petitioner agreed to serve two twenty-five-year sentences at one hundred percent. The Tennessee sentences were to be served concurrently with each other and with his Georgia sentences. At the plea submission hearing, petitioner asked whether he would be "housed" in Tennessee, and the trial court responded that the decision was left to the two departments of correction. Subsequently, petitioner was confined in Georgia for many years. During that time, he filed numerous motions and petitions in various courts, some of which he appended to his post-conviction petition. In general, the documents reveal that petitioner believed he would be forced to serve his Tennessee sentences consecutively to his Georgia sentences in contravention of his plea agreement. According to his appellate brief, petitioner was transferred to Tennessee on July 27, 2012.

Petitioner filed the instant petition for post-conviction relief on July 25, 2013. Among other issues, the key allegation presented in his petition is that his plea agreement included conditions that he would be housed in Tennessee and that if he were to return to Georgia, his Tennessee and Georgia sentences would be "co-terminus." Petitioner argued that the State of Tennessee first breached his plea agreement when he was returned to Georgia and then again when he was transferred to Tennessee. The post-conviction court summarily dismissed the petition as untimely. In its August 28, 2013 order, the post-conviction court stated that nothing in the petition or in the appended exhibits supported petitioner's contention that the State breached its plea agreement and, consequently, that no breach occurred after the expiration of the statute of limitations that would toll the application of the statute. Subsequently, petitioner filed an untimely notice of appeal on October 15, 2013.

*Christopher H. Martin v. State*, No. E2013-02343-CCA-R3-PC, 2014 WL 1396678, at *1 (Tenn. Crim. App. Apr. 9, 2014), *perm. app. denied* (Tenn. Sept. 19, 2014). This court affirmed the post-conviction court's order summarily dismissing the petition as untimely. *Id*. at *3. This court's opinion also notes that the post-conviction court sua sponte corrected a clerical error on the judgments to accurately reflect the award of pretrial jail credits. *Id*. at *1, n1.

On June 18, 2019, the Petitioner filed a pro se petition for a writ of habeas corpus alleging that his convictions were void because the trial court failed to award sentence reduction credits the Petitioner alleges were required as terms of the plea agreement, that his plea was involuntarily entered as the result of the ineffective assistance of counsel, and that the State breached the plea agreement for failing to ensure that sentence reduction credits were noted on the judgments. On July 31, 2019, the habeas corpus court summarily denied relief. The Petitioner filed a timely notice of appeal with this court. Following the Petitioner's filing of the brief, the State filed a motion asking this court to affirm the habeas corpus court's judgment by memorandum opinion pursuant to Tennessee Court of Criminal Appeals Rule 20. The Petitioner has not filed a response to the State's motion.

## **Analysis**

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

The Petitioner argues that his judgments are void because the trial court failed to award sentence reduction credits that the Petitioner claims were contemplated as a term of the plea agreement. He also argues that the failure to award sentence reduction credits constitutes a breach of his plea agreement and that his guilty pleas were unknowingly and

involuntarily entered due to the ineffective assistance of counsel. We note that the Petitioner conflates the trial court's award of pretrial jail credits and the Department of Correction's award of sentence reduction credits. In any event, "a claim based on a trial court's failure to award pretrial jail credits is not cognizable in the context of a petition for habeas corpus relief." *Steven Anderson v. Russell Washburn, Warden*, __ S.W.3d __, __, No. M2018-00661-SC-R11-HC, 2019 WL 3071311, at*1 (Tenn. June 27, 2019) (order); *see also Dontell Sawyer v. State*, No. E2019-00187-CCA-R3-HC, 2019 WL 5079358, at *2 (Tenn. Crim. App. Oct. 10, 2019). Likewise, a claim for the award of sentence reduction credits is not cognizable in a habeas corpus proceeding. *Tucker v. Morrow*, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2009), *overruled on other grounds by State v. Brown*, 479 S.W.3d 200 (Tenn. 2015). This court has also held that an allegation concerning the breach of a plea agreement is not cognizable in a habeas corpus proceeding. *See Antonio M. Miller v. Joe Easterling, Warden*, No. W2009-02175-CCA-R3-HC, 2010 WL 2787686, at *2 (Tenn. Crim. App. July 15, 2010). Finally, a claim concerning the voluntariness of a guilty plea and the effective assistance of counsel is not cognizable in a habeas corpus proceeding. *See Thomas Ernest Young v. State*, No. M2016-02333-CCA-R3-HC, 2018 WL 444202, at *4 (Tenn. Crim. App. Jan. 17, 2018). Therefore, we conclude that the Petitioner is not entitled to habeas corpus relief and affirm the judgment of the habeas corpus court.

## Conclusion

When an opinion would have no precedential value, this court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt and the evidence does not preponderate against the findings of the trial court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the State's motion to affirm by memorandum opinion the judgment of the trial court denying habeas corpus relief is GRANTED. Upon consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

_____
ROBERT H. MONTGOMERY, JR., JUDGE